### In re MOUNT–COOPER BOILER & IRON CO.
### No. 1447.

District Court, N. D. Oklahoma.
Jan. 11, 1932.

Bailey E. Bell, of Tulsa, Okl., for claimant Inland Steel Co. and petitioning creditors.

Paul E. Taliaferro, of Tulsa, Okl., for trustee.

KENNAMER, District Judge.

J. M. Humphreys, referee in bankruptcy, certified a question to the court for its opinion as to fees to which the referee is entitled.

The question certified is as follows: "The Mount-Cooper Boiler and Iron Company while in a failing condition made and executed a mortgage and executed bonds to the Inland Steel Company against the assets of said company, including the real estate, buildings and fixtures, and machinery located thereon, in the sum of $110,000.00. Thereafter the said company was duly adjudicated a bankrupt and the matter was referred to the Referee in Bankruptcy, and the following proceedings were had: Determination of priority of liens, at which meeting creditors appeared and presented their claims, and the same were determined by the Referee. Objections were made to the validity of the mortgage of the Inland Steel Company by the Trustee, and hearing had thereon, and the Referee determined the mortgage to be valid against the property, there being no creditor who had a superior lien. The Trustee then proceeded to foreclose the mortgage through the bankruptcy court, notice having been given to all the creditors, and a meeting had by reason thereof. Said property was sold, pursuant to the notice, free and clear of all liens, except taxes, and the Inland Steel Company, the holder of the mortgage in the sum of $110,000.00, and the owner of $110,000.00 worth of bonds of the Mount-Cooper Boiler and Iron Company, bid in and purchased the assets of the bankrupt for $99,060.00, subject to the taxes and administration expenses. The sale was referred to the Referee and duly approved. The question presented is: Should the Referee in Bankruptcy be allowed and paid on account of his services as Referee in Bankruptcy a commission of one per centum on the sum of $99,060.00, less the attorney's fees and expenses of administration."

The above is a statement of the facts involved in the case, and it should be noted that the holder of $110,000 worth of bonds, secured by the mortgage, was the successful bidder and purchaser of the property and assets, subject to the lien of the mortgage. In this case, the holder of the mortgage did not take the assets in lieu of the mortgage, but bought the property as any other purchaser might have done. In my opinion, the facts involved in this case show the right of the referee to claim one per centum of the amount bid for the assets of the bankrupt. The statute, section 40a of the Bankruptcy Act (11 USCA § 68 (a), allows the referee as compensation one per centum of all amounts paid out to creditors of the bankrupt by the trustee. While the payment was not a direct payment to the lienholders, or holders of the mortgage, by the trustee, still it was a disbursement to creditors, as the purchaser, the holder of the mortgage and bonds, could very well have been compelled to have paid the money into court and then awaited a distribution by the trustee. This inconvenience to the holder of the mortgage and the purchaser of the assets was eliminated; but the referee is entitled to the one per centum as compensation.

A question very similar to the one here presented was submitted to the District Court in the case of In Re Thompson, 29 F.(2d) 436. The referee there was awarded compensation upon payments made by the purchaser to lienholders, although no direct payments to the lienholders were made by the trustee.

The question here presented has been discussed in McMillan v. United States Fidelity and Guaranty Co. (C. C. A.) 22 F.(2d) 155, 157. In the very able opinion of Judge Kenyon in the cited case, Remington on Bankruptcy is quoted as follows: "Where the mere equity is sold, without the marshaling of liens and the sale of the property free and clear therefrom, with the consequent responsibilities of such proceedings, the commissions of the receiver and trustee, as also of the referee, are only to be computed upon the amount received from such equity. This is entirely different from the case where the property is sold clear and free of liens but the purchaser happens to be a lienholder and applies his lien in part payment. In the latter case it is still a sale clear and free of liens, and, equally as in cases of other purchasers, the receiver and trustee are entitled to commissions on the entire amount of the sale and, if the lienholder is also a creditor, the referee likewise is entitled thereto."

In my opinion, the text-writer accurately states the law, as approved in the cited case. The proposition is sound, in that the holder of the mortgage derives the benefit of foreclosure proceedings, which are instituted for its benefit, and also has the advantage of a determination of priority of liens and the elimination of all other questions of priorities in the bankruptcy court. The referee is compelled to dispose of all questions involved in such a case, is subjected to the responsibility of determining and disposing of important litigation, is compelled to devote time for the determination of such cases and the conduct of hearings thereon, and is entitled to compensation for his services. To deny the right to the compensation herein claimed would be to compel the referee to handle important litigation practically without com-

pensation. If foreclosure proceedings were not had in the bankruptcy court, or if the property had been turned back to the holders of the mortgage, and no sales or proceedings involving the mortgaged property were had in the bankruptcy court, the referee would not be entitled to compensation upon the value of the property; but a different situation is presented where all proceedings are had in the bankruptcy court and a sale free and clear of liens is conducted. The fact that the holder of the bonds secured by the mortgage is the successful bidder does not derogate from the fact that the sale was held at which any person, whether a creditor or not, or whether a secured or an unsecured creditor, could have become the successful purchaser.

In view of the facts presented, I am of the opinion that the referee in bankruptcy is entitled to one per centum upon the sum for which the assets were sold, less the administrative expenses.