## In re NEWARK ATHLETIC CLUB.

District Court, D. New Jersey.

July 30, 1942

Bilder, Bilder & Kaufman, of Newark, N. J., for trustee.

Alan W. Carrick, of Newark, N. J., for Prudential Ins. Co. of America.

MEANEY, District Judge.

This matter comes before the court by way of petition by the Trustee in Bankruptcy requesting instructions as to whether the referee is entitled to a certain sum as commissions under section 40, sub. c. of the Bankruptcy Act, 11 U.S.C.A. § 68, sub. c.

Facts.

1. The Newark Athletic Club after extensive attempts to reorganize, which failed because of objection of a second mortgage bondholder, was found to be insolvent in proceedings before this court on April 16, 1940. On the same day and in the same court, the Prudential Insurance Company of America, the holder of a first mortgage on the real property of the Newark Athletic Club, was given leave to foreclose its mortgage in the Court of Chancery of New Jersey.

2. On May 14, 1940, the Newark Athletic Club was adjudicated a bankrupt, receivers were appointed and empowered to continue the business, and the matter was referred to Referee Grimshaw.

3. Said order was granted without prejudice to the leave granted the Prudential Insurance Company to foreclose its mortgage, which leave was ratified and confirmed explicitly in said order.

4. The rent of the Newark Athletic Club was collected by the Prudential Insurance Company between the date of adjudication and the mortgage foreclosure sale, by agreement between the Prudential Insurance Company and the receivers and later the trustee.

5. The foreclosure proceedings of the Prudential Insurance Company were carried through to a final decree fixing $1,-190,024.88 as the amount due the Prudential Insurance Company, plus costs to be taxed, and counsel fee of $1,000. Thereafter under direction of Court of Chancery the lands and premises of Newark Athletic Club were sold by Sheriff of Essex County for the sum of $100 to the Prudential Insurance Company.

6. Objection was made to confirmation, and thereafter on the Prudential Insurance Company crediting the sum of $501,300 as fair value of the mortgaged property, the sale was confirmed, and a deed for the mortgaged property delivered to the Prudential Insurance Company.

7. The sum of $501,300 was credited as that was the value determined by an appraiser appointed by this Court in the course of various proceedings.

### Discussion.

Section 40, sub. a of the Bankruptcy Act provides, among other things, for the payment to referees of one per centum commissions on all moneys *disbursed to creditors* by the trustees from estates which have been administered before them. The question to be determined here is whether the crediting of the sum of $501,300 by the Prudential Insurance Company, in the proceedings in the New Jersey Court of Chancery, may be considered a constructive disbursement by the trustee such as would entitle the referee to the allowance of one per centum commissions thereon.

The disbursement need not be an actual cash transaction; it has been held that in a sale free and clear of liens, where such sale has been conducted in the Bankruptcy Court, the referee is entitled to commissions on the amount bid, even though the property be bought by the holder of the mortgage and the amount bid credited against the claim of the purchaser, without the actual payment of money into court. In such a case, convenience and common sense dictate this procedure, instead of actual payment into court, and subsequent distribution by the trustee. See In re Mount-Cooper Boiler & Iron Co., D.C., 55 F.2d 375.

If in the instant case the sale had been had in the bankruptcy court, the referee would have been entitled to his commissions on the credited amount. In re Mount-Cooper Boiler & Iron Co., supra. But the sale was conducted by the Sheriff of Essex County in response to a writ of fieri facias issuing out of the Court of Chancery of New Jersey. The referee had no control over any aspect of the sale, nor did he exercise his judgment or any function in anything relating to the sale. The Prudential Insurance Company, under authorization from the District Court, instituted and brought to conclusion the whole proceeding which culminated in the sale and the allowance of credit, in a forum other than the Bankruptcy Court.

The fact that the Bankruptcy Court dealt with the property in some phase of the case is not sufficient basis for inferring that the sale in chancery was in any respect under the supervision of the referee. The proceeds of sale were at no time under control of the trustee and so he could not, even constructively, disburse them. See McMillan v. United States Fidelity & Guar. Co., 8 Cir., 22 F.2d 155.

### Conclusion of Law.

The referee is not entitled to commissions on the amount indicated, as it was not disbursed even constructively by the trustee, under the provisions of Section 40, sub. a.